# In the United States Court of Federal Claims

**No. 21-1348C**
**Filed: June 18, 2021**

* * * * * * * * * * * * * * * * * *
**SOMONA LOFTON,**

        **Plaintiff,**

v.

**THE UNITED STATES,**

        **Defendant.**

* * * * * * * * * * * * * * * * * *

**Somona Lofton**, pro se, Sacramento, CA.

**O R D E R**

**HORN, J.**

Pro se plaintiff Somona Lofton filed a complaint in the United States Court of Federal Claims on May 12, 2021. Plaintiff's complaint states:

1) This claim is under the Federal Tort Claim[1] Act (FTCA
2) 18 U.S. Code 872 Extortion by officers or employees of the United States.
3) The United States employees ar skimming my State and federal accounts. EDD, DMV, IRS, FTB[2]
4) They change My EDD account to input Data to create an over payment. They started in 2018 and it is still ongoing. They continue to change.
5) As a result they have Taken $3,058.90 out of My account in 2019
6) They have taken out $353.00 in 2020 and have refused to give my refund
7) Now they are harassing me and following me to cover it up. Now there are issues with my DMV account and Agreement to appear paper work.

---

[1] Capitalization, grammar, punctuation, abbreviations, spelling, emphasis, and choice of words when quoted in this Order are as they originally appear in plaintiff's complaint.

[2] Based on the complaint filed by the plaintiff, "EDD" appears to be an abbreviation for the State of California Employment Development Department, "DMV" appears to be an abbreviation for the California Department of Motor Vehicles, "FTB" appears to be an abbreviation for the State of California Franchise Tax Board, and "IRS" appears to be an abbreviation for the United States Internal Revenue Service.

Plaintiff's complaint further states the state of California is

> Skimming my state accounts by calling it an audit to create overpayment. By falsify documents to retaliate against me for being in a protective class. This is financial abuse, The State of California has control over my economic resources from EDD, FTB and has created a organized crime group to diminish my finacial Income.

Plaintiff alleges jurisdiction over her allegations as follows:

> 28 USC § 1346 – District Courts, ConCurrent with the U.S. Court of federal claims. have original Jurisdiction over the following actions Commenced against the United States:
> a) Tax refund Suits
> (13) IRC
> (1) 28 USC § 1361 – District Courts have original Jurisdiction over actions to compel an officer or an employee of the united states or any agency to perform a duty owed the plaintiff. (8) 28 USC 1491 Defines the jurisdiction of the U.S. Court of Federal Claims. In the U.S. Court of federal claims, there is no dollar limitation on any action.

Plaintiff's complaint concludes by requesting relief, while citing "26 U.C. Code § 7433 – Civil damages for Certain Unauthorized collection actions 1,000,000 Emotional distress $250,000."

## DISCUSSION

The court recognizes that plaintiff is proceeding pro se. When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, a pro se plaintiff is entitled to a more liberal construction of the pro se plaintiff's pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977); Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014); Jackson v. United States, 143 Fed. Cl. 242, 245 (2019), Diamond v. United States, 115 Fed. Cl. 516, 524 (2014), aff'd, 603 F. App'x 947 (Fed. Cir.), cert. denied, 135 S. Ct. 1909 (2015). However, "there is no 'duty [on the part] of the trial court . . . to create a claim which [plaintiff] has not spelled out in his [or her] pleading . . . .'" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v.

United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9; and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2002)); see also Kelley v. Secretary, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not similarly take a liberal view of [] jurisdictional requirement[s] and set a different rule for pro se litigants only."); Hartman v. United States, 150 Fed. Cl. 794, 796 (2020); Schallmo v. United States, 147 Fed. Cl. 361, 363 (2020); Hale v. United States, 143 Fed. Cl. 180, 184 (2019) ("[E]ven pro se plaintiffs must persuade the court that jurisdictional requirements have been met." (citing Bernard v. United States, 59 Fed. Cl. 497, 499, aff'd, 98 F. App'x 860 (Fed. Cir. 2004))); Golden v. United States, 129 Fed. Cl. 630, 637 (2016); Shelkofsky v. United States, 119 Fed. Cl. 133, 139 (2014) ("[W]hile the court may excuse ambiguities in a pro se plaintiff's complaint, the court 'does not excuse [a complaint's] failures.'" (quoting Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995))); Harris v. United States, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting Minehan v. United States, 75 Fed. Cl. at 253)).

"Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998)), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. denied, 545 U.S. 1127 (2005); see also St. Bernard Parish Gov't v. United States, 916 F.3d 987, 992-93 (Fed. Cir. 2019) ("[T]he court must address jurisdictional issues, even sua sponte, whenever those issues come to the court's attention, whether raised by a party or not, and even if the parties affirmatively urge the court to exercise jurisdiction over the case." (citing Foster v. Chatman, 136 S. Ct. 1737, 1745 (2016)); Int'l Elec. Tech. Corp. v. Hughes Aircraft Co., 476 F.3d 1329, 1330 (Fed. Cir. 2007); Haddad v. United States, 152 Fed. Cl. 1, 16 (2021); Fanelli v. United States, 146 Fed. Cl. 462, 466 (2020). The Tucker Act, 28 U.S.C. § 1491 (2018), grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289-90 (2009); see also Me. Community Health Options v. United States, 140 S. Ct. 1308, 1327-28 (2020); United States v. Mitchell, 463 U.S. 206, 216 (1983); Sanford Health Plan v. United States, 969 F.3d 1370, 1378 (Fed. Cir. 2020); Alvarado Hosp., LLC v. Price, 868 F.3d 983, 991 (Fed. Cir. 2017); Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed.

Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999); Gulley v. United States, 150 Fed. Cl. 405, 411 (2020); Kuntz v. United States, 141 Fed. Cl. 713, 717 (2019). "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ." United States v. Mitchell, 463 U.S. at 216; see also United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); N.Y. & Presbyterian Hosp. v. United States, 881 F.3d 877, 881 (Fed. Cir. 2018); Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir.), cert. denied, 571 U.S. 945 (2013); RadioShack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("[P]laintiff must . . . identify a substantive source of law that creates the right to recovery of money damages against the United States."); Olson v. United States, 152 Fed. Cl. 33, 40-41 (2021); Jackson v. United States, 143 Fed. Cl. at 245. In Ontario Power Generation, Inc. v. United States, the United States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims. The Ontario Power Generation, Inc. court wrote:

> The underlying monetary claims are of three types. . . . First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver . . . . Second, the Tucker Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." Eastport S.S. [Corp. v. United States, 178 Ct. Cl. 599, 605-06,] 372 F.2d [1002,] 1007-08 [(1967)] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket'" (quoting Clapp v. United States, 127 Ct. Cl. 505, 117 F. Supp. 576, 580 (1954)) . . . . Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." Eastport S.S., 372 F.2d at 1007. Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." Id.; see also [United States v. ]Testan, 424 U.S. [392,] 401-02 [(1976)] ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim-whether it be the Constitution, a statute, or a regulation-does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself . . . can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" (quoting Eastport S.S., 372 F.2d at 1009)). This category is commonly referred to as claims brought under a "money-mandating" statute.

4

Ont. Power Generation, Inc. v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004); see also Samish Indian Nation v. United States, 419 F.3d 1355, 1364 (Fed. Cir. 2005); Twp. of Saddle Brook v. United States, 104 Fed. Cl. 101, 106 (2012).

To prove that a statute or regulation is money-mandating, a plaintiff must demonstrate that an independent source of substantive law relied upon "'can fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. at 290 (quoting United States v. Testan, 424 U.S. at 400); see also United States v. White Mountain Apache Tribe, 537 U.S. at 472; United States v. Mitchell, 463 U.S. at 217; Blueport Co., LLC v. United States, 533 F.3d 1374, 1383 (Fed. Cir. 2008), cert. denied, 555 U.S. 1153 (2009); Szuggar v. United States, 145 Fed. Cl. 331, 335 (2019The source of law granting monetary relief must be distinct from the Tucker Act itself. See United States v. Navajo Nation, 556 U.S. at 290 (The Tucker Act does not create "substantive rights; [it is simply a] jurisdictional provision[] that operate[s] to waive sovereign immunity for claims premised on other sources of law (*e.g.*, statutes or contracts)."); see also Me. Community Health Options v. United States, 140 S. Ct. at 1327-28. "'If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction.'" Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting Greenlee Cnty., Ariz. v. United States, 487 F.3d at 876); see also N.Y. & Presbyterian Hosp. v. United States, 881 F.3d at 881; Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (noting that the absence of a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act"); Olson v. United States, 152 Fed. Cl. at 41; Downey v. United States, 147 Fed. Cl. 171, 175 (2020) ("And so, to pursue a substantive right against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute, or regulation." (citing Cabral v. United States, 317 F. App'x 979, 981 (Fed. Cir. 2008))); Jackson v. United States, 143 Fed. Cl. at 245 ("If the claim is not based on a 'money-mandating' source of law, then it lies beyond the jurisdiction of this Court." (citing Metz v. United States, 466 F.3d 991, 997 (Fed. Cir. 2006)).

"Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9-10 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). A plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2020); Fed. R. Civ. P. 8(a)(1), (2) (2020); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 570 (2007)). To properly state a claim for relief, "[c]onclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1363 n.9 (Fed. Cir. 2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. WRIGHT AND A. MILLER, FEDERAL

PRACTICE AND PROCEDURE § 1286 (3d ed. 2004)); "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555), aff'd, 562 F. App'x 964 (Fed. Cir.), reh'g denied (Fed. Cir. 2014); see also Hale v. United States, 143 Fed. Cl. at 190. As stated in Ashcroft v. Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S. at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555).

Plaintiff asserts her claims arise under the "FTCA," or the Federal Tort Claims Act, however, the Tucker Act specifically excludes tort claims from the jurisdiction of the United States Court of Federal Claims. See 28 U.S.C. § 1491(a) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.") (emphasis added); see also Double Lion Uchet Express Tr. v. United States, 149 Fed. Cl. 415, 421 (2020) ("[T]he Court of Federal Claims may not adjudicate claims sounding in tort.") Specifically, the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (2018), limits jurisdiction to the United States District Courts, and, therefore, does not provide for jurisdiction in the Unites States Court of Federal Claims. See id. The Federal Tort Claims Act states

> the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . .

Id.; see also Awad v. United States, 301 F.3d 1367, 1372 (Fed. Cir. 2002) ("The FTCA provides that district courts have jurisdiction in suits against the United States . . . ."); Flippin v. United States, 146 Fed. Cl. 179, 184 (2019) ("To the extent that petitioner could bring a suit under the FTCA . . . he could not do so in the Court of Federal Claims . . . ."); Bowling v. United States, 93 Fed. Cl. 551, 556 (2010) ("The proper forum for federal tort claims is a United States district court.")

Plaintiff also appears to allege she was the victim of criminal conduct by referencing "18 U.S. Code 872 Extortion by officers or employees of the united states" by "skimming" her "federal accounts." To the extent that plaintiff may be asserting claims of criminal conduct, this court lacks subject matter jurisdiction to adjudicate such claims. The jurisdiction of the United States Court of Federal Claims does not include jurisdiction over criminal causes of action. See Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994); see also Cooper v. United States, 104 Fed. Cl. 306, 312 (2012) ("[T]his court does not

have jurisdiction over [plaintiff's] claims because the court may review neither criminal matters, nor the decisions of district courts." (internal citation omitted)); Whiteford v. United States, 148 Fed. Cl. 111, 122 (2020) ("[T]he Court of Federal Claims . . . lacks jurisdiction over criminal acts."); Mendes v. United States, 88 Fed. Cl. 759, 762, appeal dismissed, 375 F. App'x 4 (Fed. Cir. 2009); Hufford v. United States, 87 Fed. Cl. 696, 702 (2009) (holding that the United States Court of Federal Claims lacked jurisdiction over claims arising from the violation of a criminal statute); Fullard v. United States, 78 Fed. Cl. 294, 301 (2007) ("[P]laintiff alleges criminal fraud, a subject matter over which this court lacks jurisdiction." (citing 28 U.S.C. § 1491; Joshua v. United States, 17 F.3d at 379)); McCullough v. United States, 76 Fed. Cl. 1, 4 (2006) (finding that the United States Court of Federal Claims lacked jurisdiction to consider plaintiff's criminal claims), appeal dismissed, 236 F. App'x 615, reh'g denied, (Fed. Cir.), cert. denied, 552 U.S. 1050 (2007); Matthews v. United States, 72 Fed. Cl. 274, 282 (finding that the court lacked jurisdiction to consider plaintiff's criminal claims), recons. denied, 73 Fed. Cl. 524 (2006).

Furthermore, plaintiff's complaint does not meet the requirements for a tax refund claim. In a tax refund claim, a threshold requirement that a plaintiff must demonstrate for recovery in the Unites States Court of Federal Claims is overpayment of tax money. See Williams v. United States, 112 Fed. Cl. 67, 75 (2013) (citing Pac. Gas and Elec. Co. v. United States, 417 F.3d 1375, 1381 (Fed. Cir. 2005), reh'g and reh'g en banc denied (Fed. Cir. 2006)). To pursue a tax refund claim, a plaintiff must provide the court "with grounds and facts sufficient to support the claim," namely information that indicates "the amount of tax liability and all tax payments made." Id. (citing 26 C.F.R. § 301.6402-2(b)(1)). The United States Supreme Court has indicated:

> A taxpayer seeking a refund of taxes erroneously or unlawfully assessed or collected may bring an action against the Government either in United States district court or in the United States Court of Federal Claims. The Internal Revenue Code specifies that before doing so, the taxpayer must comply with the tax refund scheme established in the Code. That scheme provides that a claim for a refund must be filed with the Internal Revenue Service (IRS) before suit can be brought, and establishes strict timeframes for filing such a claim.

United States v. Clintwood Elkhorn Mining Co., 553 U.S. 1, 4 (2008) (citations omitted); see also United States v. Dalm, 494 U.S. 596, 609-10, reh'g denied, 495 U.S. 941 (1990); RadioShack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009). Before filing a tax refund claim in federal court, a plaintiff is required to file a claim with the IRS for the amount of the alleged refund, pursuant to 26 U.S.C. § 7422(a) (2018), which states:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

7

26 U.S.C. § 7422(a); see also Cooper v. United States, 123 Fed. Cl. 226, 232 (2015) (holding that, because plaintiff's tax forms did not comply with the requirements of 26 U.S.C. § 7422, the returns could not constitute duly filed refund claims). If a plaintiff does file an administrative claim for refund or credit, the plaintiff must wait six months from the date of filing the administrative claim, or until the IRS renders a decision on the claim, before filing suit in the United States Court of Federal Claims. See 26 U.S.C. § 6532(a)(1) (2018).

Moreover, for a refund claim, the court only may hear claims for which the petitioning taxpayer has fulfilled all of his or her tax liabilities for the tax year in question before the refund claim is heard. See Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002) (affirming United States Court of Federal Claim's dismissal of pro se plaintiff's tax refund suit for lack of subject matter jurisdiction when plaintiff did not allege that he had paid his taxes for the years in which he sought a tax refund and when plaintiff's tax returns submitted to the court also showed that plaintiff did not pay any taxes for those years); Shore v. United States, 9 F.3d 1524, 1526 (Fed. Cir. 1993) ("The full payment requirement of Section 1346(a)(1) and Flora [Flora v. United States, 362 U.S. 145, 150 (1960)] applies equally to tax refund suits brought in the Court of Federal Claims . . . ." (citing Tonasket v. United States, 218 Ct. Cl. 709, 711-12, 590 F.2d 343 (1978))); Simmons v. United States, 127 Fed. Cl. 153, 159 (2016) (dismissing tax refund claims for lack of jurisdiction when the plaintiff failed "to allege, much less demonstrate, that he has fully paid his outstanding tax liabilities" for the tax years at issue); Artuso v. United States, 80 Fed. Cl. 336, 338 (2008). In the case currently before the court, Ms. Lofton has failed to provide the necessary information on her tax liability and tax payments, and there is no indication that plaintiff previously paid her tax liability for any of the years mentioned in her complaint, nor followed the required administrative claims process at the IRS. Therefore, plaintiff has not stated a valid tax refund claim.

Plaintiff also alleges improprieties on the part of the State of California's EDD, the DMV, and the FTB. It is well established that this court lacks jurisdiction to hear claims against state or local officials, who are not federal employees. See United States v. Sherwood, 312 U.S. 584, 588 (1941) (noting that "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court [United States Court of Claims]" (citing United States v. Jones, 131 U.S. 1, 9 (1889); Lynn v. United States, 110 F.2d 586, 588 (5th Cir. 1940); Leather & Leigh v. United States, 61 Ct. Cl. 388 (1925))); see also Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials."); Cooper v. United States, 137 Fed. Cl. 432, 434 (2018) (finding that the United States Court of Federal Claims "lacks subject matter jurisdiction to consider plaintiff's claims to the extent they are made against individuals"); Robinson v. United States, 127 Fed. Cl. 417, 420 (2016) ("The court is without 'jurisdiction over claims against individuals.'" (quoting Emerson v. United States, 123 Fed. Cl. 126, 129 (2015))); Merriman v. United States, 128 Fed. Cl. 599, 602 (2016) ("The United States Court of Federal Claims does not have subject matter jurisdiction over claims against private individuals or state officials." (citing United States

v. Sherwood, 312 U.S. at 588)); Hicks v. United States, 118 Fed. Cl. 76, 81 (2014); Bey v. United States, No. 20-906C, 2021 WL 2006573, at *3 (Fed. Cl. May 19, 2021) (holding that the United States Court of Federal Claims does not have jurisdiction over claims against state and local agencies); Cottrell v. United States, 42 Fed. Cl. 144, 148 (1998); Reid v. United States, 95 Fed. Cl. 243, 248 (2010) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court [the United States Court of Federal Claims] has no jurisdiction to hear those allegations." (quoting Moore v. Pub. Defs. Office, 76 Fed. Cl. 617, 620 (2007))). Therefore, the court does not have jurisdiction over any allegations by plaintiff regarding actions of these state agencies.

## CONCLUSION

For the reasons discussed above, this court does not have jurisdiction over the allegations included in plaintiff's complaint. Therefore, plaintiff's complaint is **DISMISSED**. The Clerk of the Court shall enter **JUDGMENT** consistent with this Order.

**IT IS SO ORDERED.**

s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**